

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. L. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-6924

Re: Whether Montgomery County can lease the county airport to the City of Conroe so that the City in turn can lease said airport to an individual firm.

We have received your request for our opinion on the hereinabove captioned matter, and we quote from your letter as follows:

"I am in receipt of Opinions Nos. O-6878 and O-3865 in which you state that the Commissioners' Court of a county has no authority to lease an airport to any party except those set out in paragraph D of Section 1, Art. 1269h.

"The Commissioners' Court of Montgomery County is negotiating with a firm in Houston, Texas, whereby this firm will agree to lease the Montgomery County Airport and in consideration of this lease, this firm agrees to maintain the airport according to C. A. A. specifications and further, to bear all the operational costs. The Commissioners' Court of this county has been handed estimates ranging from $20,000.00 to $35,000.00 per year covering operational and maintenance costs of this airport. This is a burden which the county definitely does not feel that it can assume. Therefore, any contract whereby operational and maintenance costs might be entirely assumed by a lessee would enable this county to keep the airport open without expense.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. A. E. Hickerson, page 2

"Paragraph E, of Section 1, Art. 1269h, gives the governing bodies of incorporated cities certain powers to sell, convey or lease airports. In order to facilitate this matter, would it be possible for Montgomery County to execute a lease to the City of Conroe whereby the City in turn could execute a lease to an individual firm? Although this might appear to be accomplishing that indirectly which the county cannot accomplish directly under your opinions, it would enable the county to make a satisfactory disposition of its airport problems.

"In the event that you find this method invalid, kindly advise me as to whether or not there is any valid procedure which the county might follow in making a lease of its airport to an individual firm or corporation."

Article 1269h, Vernon's Annotated Civil Statutes, provides in part as follows:

"Section 1. A- That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire, by purchase without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an airport, or lease, or sell, to the Federal Government, tracts of land either within or without the corporate limits of such city and within the county in which such city is situated, and the Commissioners' Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county.

"B- That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire by purchase without condemnation, and thereafter maintain and operate as an airport, or lease, or sell to the Federal Government, tracts of land without the county in which such city is situated, provided said tracts are not within five (5) miles of another incorporated city that has a population of more than fifteen hundred (1500) people, according to the last preceding Federal Census.

Hon. A. E. Hickerson,   page 3

"C- That the governing body of any incorporated
city in this State may, and is hereby empowered, to ac-
quire through condemnation proceedings, tracts of land
located without the county in which said city is located,
provided said tracts of land are within six (6) miles
of the county boundary of the county in which said city
is located, and are not within five (5) miles of another
incorporated city having a population in excess of fif-
teen hundred (1500) people, according to the last pre-
ceding Federal Census; and that said city may thereafter
maintain and operate as an airport, or lease, or sell,
said tracts to the Federal Government; provided, however,
that the grant herein made to acquire land through con-
demnation proceedings, without the county in which said
city is located, shall expire on December 31, 1942, but
that tracts of land acquired prior to that date, and
under the authority of this Act, may continue to be
operated, leased, or sold, as provided in this Act.

"D- In addition to the power herein granted, the
Commissioners' Courts of the several counties of this
State are hereby authorized to lease any airport that
may be acquired by the county, as herein provided, to
any incorporated city or municipality within such
county, or to the Federal Government, for the purpose
of maintaining and operating an airport; and provided
further that any incorporated city having acquired
land for an airport, or an airport, under the authority
of this Act, shall have the right to lease said land or
said airport to the county in which said incorporated
city is located.

"E- In addition to the power which it may now have,
the governing body of an incorporated city shall have
the power to sell, convey, or lease, all or any portions
of any airports heretofore established or that may be
hereafter established, or any land acquired under the
provisions of this Act, to the United States of America
for any purpose deemed by the Government of the United
States necessary for National Defense, or for air mail
purposes, or any other public purpose, or to the State
of Texas, or any branch of the State Government, or to
any other person, firm or corporation, to carry out any
purpose necessary or incidental to National Defense or
training incidental thereto; and that such governing
body shall provide rules and regulations for the proper
use of any such airports in connection with the purposes
stated herein."

Hon. A. E. Hickerson, page 4

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred upon them by the Constitution and statutes of this State, either by express terms or by implication. There are many authorities to this effect, and we cite the following:

Article 5, Section 18, Texas Constitution;
Article 2351, Revised Civil Statutes of Texas;
Texas Jurisprudence, Vol. 11, pages 563-566;
Bland v. Orr, 39 S. W. 558;
Nunn-Warren Publishing Company v. Hutchinson County, 45 S. W. (2d) 651;
Hogg v. Campbell, 48 S. W. (2d) 515;
Landman v. State, 97 S. W. (2d) 264;
El Paso County v. Elam, 106 S. W. (2d) 2791;
Dobson v. Marshall, 118 S. W. (2d) 621;
Mills County v. Lampasas County, 40 S. W. 404.

Our Opinion No. O-6878 reads in part as follows:

"In answer to your first question we refer you to our Opinion No. O-3865, a copy of which is herewith enclosed, wherein it states: 'It is our opinion that the Commissioners' Court has no authority to lease an airport to any party except those set out in paragraph D of Section 1, Article 1269h.' Thus, the Commissioners' Court can only lease an airport to 'any incorporated city or municipality within such county or the Federal Government.' It is, therefore, the opinion of this department that the Commissioners' Court cannot lease a county owned airport to an individual."

(Also see Opinion No. O-3865, a copy of which has already been mailed to you).

Both of the above opinions held that the Commissioners' Court could not lease a county owned airport to an individual. If the Commissioners' Court of Montgomery County were to lease the county airport to the City of Conroe so that the City in turn could lease said airport to an individual firm, said Commissioners' Court would be doing something indirectly that they could not do directly. It is an elementary and fundamental principle of law that a Commissioners' Court cannot do anything indirectly that they cannot do directly.

In view of the foregoing, your question is answered in the negative. You are also advised that we do not know of a valid procedure which the county might follow in making a lease of its airport to an individual firm or corporation.

This opinion is not to be construed as passing on the authority of the governing body of a city to sell or lease a city airport. The provisions of Article 4399, V. A. C. S., prohibit us from passing on such a question.

We trust that we have satisfactorily answered your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By   *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

JCD:LJ

APPROVED NOV 7 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN